IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) CASE NO: 1:19-CV-441 |
| vs. | ) ) JUDGE |
| JOY STEPHANY, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Now comes the United States of America, by and through its legal representative, the United States Attorney for the Southern District of Ohio, and for its cause of action alleges:

1. Jurisdiction is founded on 28 U.S.C. § 1345.

2. Defendant resides within this judicial district and division.

3. On July 22, 2010 and May 2, 2011, Defendant executed and signed a contract with the Department of Health and Human Services for participation in the Nursing Scholarship Program (NSP). The Defendant was approved to receive the scholarship awards for the 2010-2011 and 2011-2012 school years. A true copy of said contract is attached hereto, marked as "Exhibit A", and by this reference made a part hereof.

4. The funds received by Defendant representing tuition, fees, monthly stipends, and other reasonable education costs total $37,375.00. A true copy of said costs are attached hereto, marked as "Exhibit B", and by this reference mad a part hereof.

5. According to 42 U.S.C. §297n(d)(1), "participants agree to serve as nurses for a period of not less than 2 years at a health care facility with a critical shortage of nurses." The Defendant's award(s) were made upon the condition that Defendant serve one year of obligated service for each year of scholarship support, or two years, whichever is greater. Thus, Defendant incurred a two year service obligation.

6. On or about June 9, 2012, Defendant graduated from the nursing program and was obligated to commence her service within nine months of her graduation from nursing school. Department of Health and Human Services was notified of Defendant failed to begin her service obligation and Defendant was placed in default, effective March 9, 2013. In accordance with 42 U.S.C §297n(g), "if a participant fails to provide the health services at an approved critical shortage facility, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount a the maximum legal prevailing rate. The amount the Federal Government is entitled to recover is due no later than three years from the date of the participant's default."

7. Although payment has been demanded, payment has not been made by the Defendant in accordance with the terms of said contract and the entire balance has become due and payable.

8. After all payments on said contract have been properly credited, the entire unpaid balance due and owing to plaintiff from Defendant is $60,875.15 ($37,375.00 principal, and $23,500.15 interest). Interest is accrued through February 6, 2019, with additional interest accruing on the principal balance from said date at the rate of 10.625 percent per annum, all of which is evidenced by the Certificate of Indebtedness which is attached hereto, marked as "Exhibit C" and by this reference made a part hereof.

WHEREFORE, plaintiff prays for judgment against Defendant in the amount of $60,875.15 ($37,375.00 principal, and $23,500.15 interest). Interest is accrued through February 6, 2019, with additional interest accruing on the principal balance from said date at the rate of 10.625 percent per annum to the date of judgment.

Plaintiff further prays for its costs and for an award of postjudgment interest at the highest rate allowable by law, and for all further just and proper orders.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Bethany J. Hamilton
BETHANY J. HAMILTON (0075139)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5240
E-mail: Bethany.Hamilton@usdoj.gov

| NURSING SCHOLARSHIP PROGRAM CONTRACT FOR FULL-TIME STUDENT SCHOOL YEAR 2010-2011 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION BUREAU OF CLINICIAN RECRUITMENT AND SERVICE |

Section 846(d) of the Public Health Service Act ("Act"), as amended by Public Law 107-205 on August 1, 2002, authorizes the Secretary of Health and Human Services ("Secretary") to provide applicants selected to be participants in the Nursing Scholarship Program ("Scholarship Program") with scholarship awards. In return for the awards, applicants must agree to serve for a period of not less than 2 years as nurses in a health care facility with a critical shortage of nurses.

Pursuant to section 846(d)(4) of the Act, applicants are required to submit with their application a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2010-2011 school year are set forth below.

Section A - Obligations of the Secretary
Subject to the availability of funds appropriated by the Congress of the United States for the Nursing Scholarship Program, the Secretary agrees to:

1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 2010-2011 during which the applicant:
   a. is enrolled, or is accepted for enrollment, as a full-time student in an accredited (as determined by the Secretary) school of nursing in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, the U.S. Virgin Islands, the Territory of Guam, the Territory of American Samoa, the Republic of Palau, the Republic of the Marshall Islands or the Federated States of Micronesia, and
   b. is pursuing a course of study in a collegiate, associate degree, or diploma school of nursing.
   
   The scholarship award may consist of payments, in whole or in part, for tuition, an amount for all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program. The disbursement of these scholarship payments may be delayed by the Secretary pending receipt of verification, satisfactory to the Secretary, of the applicant's continued eligibility for scholarship support. Scholarship support will not extend beyond 4 school years or the applicant's completion of the required classes for graduation, whichever is less.

2. Annually determine the most needy health care facilities with a critical shortage of nurses.

Section B - Obligations of the Applicant
The applicant agrees to:
1. Accept the scholarship award provided by the Secretary under Section A.1. of this contract for the school year 2010-2011.
2. Maintain enrollment as a full-time student until completion of the course of study for which the scholarship award is provided.
3. Notify the Scholarship Program promptly in writing as soon as one of the following events is anticipated: repeat course work; a delay in the applicant's graduation date (e.g., due to a leave of absence approved by the school); a change from full-time student status to a less than full-time student status; withdrawal from courses; a change in school or program; and a withdrawal or dismissal from school.
4. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
5. Serve one year of full-time obligated service for each school year a scholarship award is provided, with a minimum obligation of 2 years of full-time clinical service.
6. Serve his or her period of obligated service in a healthcare facility with a critical shortage of nurses identified by the Secretary pursuant to Section A.2. of this contract. The service obligation may be fulfilled on a full-time or part-time basis. Full-time service is defined as a minimum of 32 hours per week, for a minimum of 45 weeks per year. Part-time service is defined as a minimum of 16 hours per week up to a maximum of 31 hours per week, for a minimum of 45 weeks per year. Part-time service is subject to approval by the Secretary. The applicant must accept an offer of employment from such healthcare facility within 6 months of the applicant's date of graduation.
7. If approved by the Secretary to provide part-time service, extend the period of obligated service set forth in paragraph 5 of this Section so that the aggregate amount of service performed will equal the amount of service that would be performed through a period of full-time service.
8. Commence obligated service in accordance with paragraph 6 above, within 3 months of the date of the applicant's acceptance of an offer of employment from such health care facility or within 9 months of the applicant's date of graduation from nursing school, whichever occurs first.
9. Undertake service in accord with policies and procedures in effect at the time the service obligation is required to begin.
10. Permit the U.S. Department of Health and Human Services to collect any debt owed by the applicant, as a result of an overpayment of scholarship award payments, through the administrative offset of subsequent scholarship award payments to the applicant under this Contract, an Optional Contract or an Extension Contract, until the debt is paid in full. An overpayment of scholarship award payments occurs when scholarship award payments are made:
    a) for repeat course work;
    b) during any period when the applicant is on an approved leave of absence from the school;
    c) during any period when the applicant is enrolled as a less than full-time student, or
    d) due to administrative error.
11. Comply with Title 2, Code of Federal Regulations, Part 180, Subpart C (2006), as supplemented by Subpart C of Title 2, Code of Federal Regulations, Part 376 (2007).

Section C - Breach of Scholarship Contract
1. If the applicant:
   a. fails to maintain an acceptable level of academic standing in the nursing program,
   b. is dismissed from the nursing program for disciplinary reasons,
   c. voluntarily terminates the nursing program before the completion of such training; or
   d. fails to provide health services in accordance with Section B of this contract, then the applicant shall be liable to the United States to repay all funds paid to the applicant, or on the applicant's behalf, under this contract, and to pay interest on such amounts at the maximum legal prevailing rate from the date of the applicant's default.
2. The amount owed under paragraph 1 of this Section must be paid within 3 years of the date of the applicant's default.

Section D - Cancellation, Suspension, and Waiver of Obligation
1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the obligation is impossible or
   b. compliance would involve extreme hardship and enforcement of such obligation would be unconscionable.



(OVER)

**Section E - Contract Extension**
1. The applicant may annually request extension of this contract, if the request is submitted in accordance with procedures established by the Secretary.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program, the Secretary may approve a request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond 4 school years;
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program;
   c. the applicant has demonstrated past compliance with the requirements, policies and procedures for participating in the Scholarship Program; and
   d. The applicant has complied with the procedures for requesting continued scholarship support.

**Section F - Contract Termination**
1. The Secretary may terminate this contract with the applicant if, not later than 30 days before the end of the school year to which the contract pertains (i.e., by June 1 of that school year), the applicant:
   a. submits a written request for such termination and
   b. repays all amounts paid to, or on behalf of, the applicant under the contract for that school year.

---

The Secretary or his/her authorized representative must sign this contract before it becomes effective

| Applicant Name (Please Print) | Applicant Signature | Date |
|---|---|---|
| Joy Stephany | Joy Stephany | 7-22-10 |
| Secretary of Health and Human Services | [signature] | 9/14/10 |

**OPTIONAL CONTRACTS**

This Nursing Scholarship Program Contract for the 2010-2011 school year ("2010-2011 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2011-2012 school year, under the same terms and conditions set forth in the 2010-2011 Contract except to the extent that the terms set forth in the 2010-2011 Contract may be subsequently amended by statute or regulation. Disbursements for the 2011-2012 school year will begin at the start of that school year.

| 2011-2012 SCHOOL YEAR | Applicant Signature | | Secretary Signature |
|---|---|---|---|

This Nursing Scholarship Program Contract for the 2010-2011 school year ("2010-2011 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2012-2013 school year, under the same terms and conditions set forth in the 2010-2011 Contract except to the extent that the terms set forth in the 2010-2011 Contract may be subsequently amended by statute or regulation. Disbursements for the 2012-2013 school year will begin at the start of that school year.

| 2012-2013 SCHOOL YEAR | Applicant Signature | | Secretary Signature |
|---|---|---|---|

This Nursing Scholarship Program Contract for the 2010-2011 school year ("2010-2011 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2013-2014 school year, under the same terms and conditions set forth in the 2010-2011 Contract except to the extent that the terms set forth in the 2010-2011 Contract may be subsequently amended by statute or regulation. Disbursements for the 2013-2014 school year will begin at the start of that school year.

| 2013-2014 SCHOOL YEAR | Applicant Signature | | Secretary Signature |
|---|---|---|---|

HRSA-124 (BACK)
(Revision 12-08)

| NURSING SCHOLARSHIP PROGRAM CONTRACT FOR FULL-TIME STUDENT SCHOOL YEAR 2011 - 2012 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION BUREAU OF CLINICIAN RECRUITMENT AND SERVICE |
|---|---|

Section 846(d) of the Public Health Service Act ("Act"), as amended by Public Law 107-205 on August 1, 2002, authorizes the Secretary of Health and Human Services ("Secretary") to provide applicants selected to be participants in the Nursing Scholarship Program ("Scholarship Program") with scholarship awards. In return for the awards, applicants must agree to serve for a period of not less than 2 years as nurses in a health care facility with a critical shortage of nurses.

Pursuant to section 846(d)(4) of the Act, applicants are required to submit with their application a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2011 - 2012 school year are set forth below.

### Section A - Obligations of the Secretary
Subject to the availability of funds appropriated by the Congress of the United States for the Nursing Scholarship Program, the Secretary agrees to:
1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 2011 - 2012 during which the applicant:
    a. is enrolled, or is accepted for enrollment, as a full-time student in an accredited (as determined by the Secretary) school of nursing in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, the U.S. Virgin Islands, the Territory of Guam, the Territory of American Samoa, the Republic of Palau, the Republic of the Marshall Islands or the Federated States of Micronesia; and
    b. is pursuing a course of study in a collegiate, associate degree, or diploma school of nursing.
    The scholarship award may consist of payments, in whole or in part, for tuition, an amount for all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program. The disbursement of these scholarship payments may be delayed by the Secretary pending receipt of verification, satisfactory to the Secretary, of the applicant's continued eligibility for scholarship support. Scholarship support will not extend beyond 4 school years or the applicant's completion of the required classes for graduation, whichever is less.
2. Annually determine the most needy health care facilities with a critical shortage of nurses.

### Section B - Obligations of the Applicant
The applicant agrees to:
1. Accept the scholarship award provided by the Secretary under Section A.1. of this contract for the school year 2011 - 2012.
2. Maintain enrollment as a full-time student until completion of the course of study for which the scholarship award is provided.
3. Notify the Scholarship Program promptly in writing as soon as one of the following events is anticipated: repeat course work; a delay in the applicant's graduation date (e.g., due to a leave of absence approved by the school); a change from full-time student status to a less than full-time student status; withdrawal from courses; a change in school or program; and a withdrawal or dismissal from school.
4. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
5. Serve one year of full-time obligated service for each school year a scholarship award is provided, with a minimum obligation of 2 years of full-time clinical service.
6. Serve his or her period of obligated service in a healthcare facility with a critical shortage of nurses identified by the Secretary pursuant to Section A.2. of this contract. The service obligation may be fulfilled on a full-time or part-time basis. Full-time service is defined as a minimum of 32 hours per week, for a minimum of 45 weeks per year. Part-time service is defined as a minimum of 16 hours per week up to a maximum of 31 hours per week, for a minimum of 45 weeks per year. Part-time service is subject to approval by the Secretary. The applicant must accept an offer of employment from such healthcare facility within 6 months of the applicant's date of graduation.
7. If approved by the Secretary to provide part-time service, extend the period of obligated service set forth in paragraph 5 of this Section so that the aggregate amount of service performed will equal the amount of service that would be performed through a period of full-time service.
8. Commence obligated service in accordance with paragraph 6 above, within 3 months of the date of the applicant's acceptance of an offer of employment from such health care facility or within 9 months of the applicant's date of graduation from nursing school, whichever occurs first.
9. Undertake service in accord with policies and procedures in effect at the time the service obligation is required to begin.
10. Permit the U.S. Department of Health and Human Services to collect any debt owed by the applicant, as a result of an overpayment of scholarship award payments, through the administrative offset of subsequent scholarship award payments to the applicant under this Contract, an Optional Contract or an Extension Contract, until the debt is paid in full. An overpayment of scholarship award payments occurs when scholarship award payments are made:
    a. for repeat course work;
    b. during any period when the applicant is on an approved leave of absence from the school;
    c. during any period when the applicant is enrolled as a less than full-time student; or
    d. due to administrative error.
11. Comply with Title 2, Code of Federal Regulations, Part 180, Subpart C (2006), as supplemented by Subpart C of Title 2, Code of Federal Regulations, Part 376 (2007).

### Section C - Breach of Scholarship Contract
1. If the applicant:
    a. fails to maintain an acceptable level of academic standing in the nursing program;
    b. is dismissed from the nursing program for disciplinary reasons;
    c. voluntarily terminates the nursing program before the completion of such training; or
    d. fails to provide health services in accordance with Section B of this contract,
    then the applicant shall be liable to the United States to repay all funds paid to the applicant, or on the applicant's behalf, under this contract, and to pay interest on such amounts at the maximum legal prevailing rate from the date of the applicant's default.
2. The amount owed under paragraph 1 of this Section must be paid within 3 years of the date of the applicant's default.

### Section D - Cancellation, Suspension, and Waiver of Obligation
1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
    a. compliance by the applicant with the obligation is impossible; or
    b. compliance would involve extreme hardship and enforcement of such obligation would be unconscionable.

(OVER)

### Section E - Contract Extension

1. The applicant may annually request extension of this contract, if the request is submitted in accordance with procedures established by the Secretary.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program, the Secretary may approve a request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond 4 school years;
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program;
   c. the applicant has demonstrated past compliance with the requirements, policies and procedures for participating in the Scholarship Program; and
   d. the applicant has complied with the procedures for requesting continued scholarship support.

### Section F - Contract Termination

1. The Secretary may terminate this contract with the applicant if, not later than 30 days before the end of the school year to which the contract pertains (i.e., by June 1 of that school year), the applicant:
   a. submits a written request for such termination; and
   b. repays all amounts paid to, or on behalf of, the applicant under the contract for that school year.

---

**The Secretary or his/her authorized representative must sign this contract before it becomes effective**

| Applicant Name (Please Print) | Applicant Signature | Date |
|---|---|---|
| Joy Stephany | Joy Stephany | 5-2-11 |
| Secretary of Health and Human Services | [signature] | 8/25/11 |

---

### OPTIONAL CONTRACTS

This Nursing Scholarship Program Contract for the 2011 - 2012 school year ("2011 - 2012 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2012 – 2013 school year, under the same terms and conditions set forth in the 2011 - 2012 Contract except to the extent that the terms set forth in the 2011 - 2012 Contract may be subsequently amended by statute or regulation. Disbursements for the 2012 – 2013 school year will begin at the start of that school year.

| 2012-2013 SCHOOL YEAR | Applicant Signature | Secretary Signature |
|---|---|---|
|  |  |  |

This Nursing Scholarship Program Contract for the 2011-2012 school year ("2011-2012 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2013-2014 school year, under the same terms and conditions set forth in the 2011-2012 Contract except to the extent that the terms set forth in the 2011-2012 Contract may be subsequently amended by statute or regulation. Disbursements for the 2013-2014 school year will begin at the start of that school year.

| 2013-2014 SCHOOL YEAR | Applicant Signature | Secretary Signature |
|---|---|---|
|  |  |  |

This Nursing Scholarship Program Contract for the 2011-2012 school year ("2011-2012 Contract") is hereby amended by the Secretary of Health and Human Services and the applicant to provide the applicant with additional scholarship support for the 2014-2015 school year, under the same terms and conditions set forth in the 2011-2012 Contract except to the extent that the terms set forth in the 2011-2012 Contract may be subsequently amended by statute or regulation. Disbursements for the 2014-2015 school year will begin at the start of that school year.

| 2014-2015 SCHOOL YEAR | Applicant Signature | Secretary Signature |
|---|---|---|
|  |  |  |

HRSA-124 (BACK)
(Revision 3-11)

Joy Stephany
SSN xxx-xx-9146
ID # 1112685039

|  | | Entitled Payment | Overpayment |
|---|---|---|---|
| **Other Reasonable Costs** | | | |
| October 2010 | $1,931.00 | $1,931.00 | |
| October 2011 | $1,931.00 | $1,931.00 | |
| TOTAL ORC PAID | | | |
| | | | 0 |
| **Tuition** | | | |
| Spring 2011 | $466.00 | $466.00 | |
| Summer 2011 | $612.00 | $612.00 | |
| Fall 2011 | $576.00 | $576.00 | |
| Winter 2012 | $576.00 | $576.00 | 1,931.00 |
| Spring 2012 | $347.00 | $347.00 | 1,931.00 |
| TOTAL TUITION PAID | | | 466.00 |
| | | | 612.00 |
| **Stipend Academic Year 2010-2011** | | | 576.00 |
| October 2010 | $5,156.00 | $5,156.00 | 576.00 |
| November 2010 | $1,289.00 | $1,289.00 | 347.00 |
| December 2010 | $1,289.00 | $1,289.00 | 5,156.00 |
| January 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| February 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| March 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| April 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| May 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| June 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| Total Stipend Paid 2010-2011 | | $15,468.00 | 1,289.00 |
| | | | 1,289.00 |
| | | | 1,289.00 |
| **Stipend Academic Year 2011-2012** | | | |
| July 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| August 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| September 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| October 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| November 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| December 2011 | $1,289.00 | $1,289.00 | 1,289.00 |
| January 2012 | $1,289.00 | $1,289.00 | 1,289.00 |
| February 2012 | $1,289.00 | $1,289.00 | 1,289.00 |
| March 2012 | $1,289.00 | $1,289.00 | 1,289.00 |
| April 2012 | $1,289.00 | $1,289.00 | 1,289.00 |
| May 2012 | $1,289.00 | $1,289.00 | 1,289.00 |
| June 2012 | $1,289.00 | $1,289.00 | 1,289.00 |
| Total Stipend Paid 2011-2012 | | $15,468.00 | 1,289.00 |
| | | | 1,289.00 |
| | | | 1,289.00 |
| | | | 37,375.00 |
| TOTAL STIPEND PAID | | $30,936.00 | |
| TOTAL ORC PAID | | $3,862.00 | |
| TOTAL TUITION PAID | | $2,577.00 | |
| GRAND TOTAL FOR STIPEND, TUITION & ORC | | $37,375.00 | $0.00 |

Prepared by S Turnbull 07/30/2015



GOVERNMENT EXHIBIT

Case: 1:19-cv-00441-SJD Doc #: 1-3 Filed: 06/11/19 Page: 1 of 2 PAGEID #: 9



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Debt Collection Center

**CERTIFICATE OF INDEBTEDNESS**
*Nursing Scholarship Program (NSP)*

Joy E. Stephany
3436 Chuckfield Dr
Cincinnati, OH 45239
REF: 46160016
SSN: XXX-XX-9146

**Total debt due United States as of February 6, 2019: $60,875.15 (principal $37,375.00; interest $23,500.15).**

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated. Interest accrues on the principal amount of this debt at the fixed rate of 10.625% per annum. The interest accrues at $10.88 per day.

Ms. Joy E. Stephany, submitted an application and signed a contract to participate in the Nursing Scholarship Program (NSP) Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

On September 14, 2010, she was approved to receive a scholarship award for the 2010-2011 school year. In addition, she received a continuing scholarship award for 2011-2012 school year. The funds received totaled $37,375.00 representing tuition, fees, monthly stipends, and other reasonable educational costs.

The award(s) were made upon the condition that she serve one (1) year of obligated service for each year of scholarship support, or two (2) years, whichever is greater. Thus, she incurred a (2) years service obligation.

HHS was notified on August 19, 2015, that Ms. Stephany graduated from the nursing program on June 9, 2012. Per the contract, she was required to commence her obligated service within 9 months of her graduation from nursing school. She failed to begin her service obligation which resulted in her being placed into default effective March 9, 2013.

Pursuant to 42 U.S.C. 297n(d)(1), participants agree to serve as nurses for a period of not less than 2 years at a health care facility with a critical shortage of nurses. According to 42 U.S.C. 297n(g), if a participant fails to provide the health services at an approved critical shortage facility, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount at the maximum legal prevailing rate. The amount the Federal Government is entitled to recover is due no later than three (3) years from the date of the participant's default.

On March 18, 2016, she was notified by letter that she had been placed in default of the conditions of her contract effective March 09, 2013. She was informed of the annual interest rate applicable to her debt and advised that interest would accrue on the unpaid principal balance from the date of default until the debt is paid in full. She was advised the debt must be paid within three years from the date of default. Instructions were enclosed for requesting a repayment agreement if she was unable to remit the total amount due.



## PAGE 2 - CERTIFICATE OF INDEBTEDNESS – JOY E. STEPHANY

In a letter dated May 28, 2016, she was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or an RA was concluded, the account would be referred to DOJ for enforced collection.

By letter dated June 03, 2016, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

By letter dated February 05, 2019, Ms. Stephany was sent a final notice regarding the delinquent debt. She was advised that if payment was not received within thirty days, the debt would be referred to the DOJ for litigation. She did not respond.

To date, she has not made any payments.

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

3/7/2019
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BETHANY J. HAMILTON, Assistant United States Attorney
303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215
(614)469-5715

## DEFENDANTS
Joy E. Stephany

County of Residence of First Listed Defendant **HAMILTON**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| [X] 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1345
Brief description of cause:
Recovery of monies owing Department of Health and Human Services for breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 6/11/19
SIGNATURE OF ATTORNEY OF RECORD
Bethany J. Hamilton, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____